UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

BRUCE A. TURNBULL,

    Plaintiff,

v.                                                    Case No. 4:22-cv-87-MW-MJF

JOSEPH BIDEN, *et al.*,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiff, a prisoner proceeding *pro se*, commenced this civil action against Joseph Biden, Kamala Harris, Nancy Pelosi, Sonia Sotomayor, Hillary Rodham Clinton, and Adam Schiff. Doc. 1. Because Plaintiff's claim and requested relief lack a basis in fact and law, pursuant to 28 U.S.C. § 1915A(b)(1), the undersigned recommends that the District court dismiss this frivolous action.[1]

### I. PLAINTIFF'S COMPLAINT

Plaintiff's complaint is a four-page handwritten document. Doc. 1. Plaintiff alleges that Defendants "conspire[ed] to [illegible] homosexualize the world." *Id.* at 2. For relief, Plaintiff asks this court to authorize "an Aryan Militant Death Squad" to "hunt down and shoot dead on sight" the Defendants. *Id.*

---

[1] The District Court referred this case to the undersigned to address preliminary matters and to make recommendations regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2(C); *see also* 28 U.S.C. § 636(b)(1)(B), (C); Fed. R. Civ. P. 72(b).

## II. Discussion

Because Plaintiff is a prisoner, the court is required to review his complaint, identify cognizable claims, and dismiss the complaint, or any portion thereof, if the complaint "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(a)-(b).

A court may dismiss a claim as frivolous if the claim lacks an arguable basis either in fact or in law. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992); *Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989); *Carrol v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993). A claim lacks arguable basis in law and is "indisputably meritless" when the complaint "claims of infringement of a legal interest which clearly does not exist." *Neitzke*, 490 U.S. at 327. Whereas a claim is factually baseless when the claims "describe fantastic or delusional scenarios." *Id.* at 328; *Ashcroft v. Iqbal*, 556 U.S. 662, 696 (2009) (noting that a claim is factually baseless when the allegations "are sufficiently fantastic to defy reality as we know it," such as "claims about little green men, or the plaintiff's recent trip to Pluto, or experiences in time travel."). Although this initial assessment of Plaintiff's factual allegations must be "weighted in favor of the plaintiff," the court is not required to accept allegations as having an arguable factual basis simply because thy cannot be rebutted by judicially noticeable facts. *Denton*, 504 U.S. at 32; *see also Iqbal*, 556 U.S. at 696. In other words, the

frivolity determination cannot serve as a factfinding process for the resolution of disputed facts. *Denton*, 504 U.S. at 32. A finding of frivolousness is appropriate, however, where the factual allegations are irrational or wholly incredible. *Id.* at 33.

Plaintiff's allegations are frivolous and he has failed to state a claim upon which relief can be granted. Plaintiff has not articulated any legal basis for his claims nor provided any specific factual allegations against any of the Defendants.[2] Plaintiff also asserts an interest that does not exist in law. Additionally, Defendants are immune from suit to the extent Plaintiff is suing them in their official capacities. Furthermore, the District Court has no authority under the law to grant the relief requested, a fact which is patently obvious.

Because the defects in Plaintiff's complaint cannot be cured by amendment, dismissal of the complaint for its frivolity is appropriate. *Hilario v. Marianna*, 561 F. App'x 821, 822 (11th Cir. 2014) (affirming district court's dismissal of the plaintiff's claims against the President, Vice President, the Speaker of the United States House of Representatives for frivolity); *see Neitzke*, 490 U.S. at 327 (holding that the *in forma pauperis* statute authorizes district courts to dismiss complaints that

---

[2] Because Plaintiff's complaint lacks any concrete factual allegations regarding what the Defendants did or did not do, it also is appropriately dismissed for failing to state a claim upon which relief can be granted. *Iqbal*, 556 U.S. at 678 (noting that to survival dismissal, survive dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'") (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

are frivolous because they claim "infringement of a legal interest which clearly does not exist").

### III. CONCLUSION

For the reasons set forth above, the undersigned respectfully **RECOMMENDS** that:

1. This case be **DISMISSED** with prejudice, pursuant to 28 U.S.C. § 1915A(b)(1), as frivolous.

2. The clerk of the court be directed to enter judgment accordingly and close this case.

At Pensacola, Florida this 4th day of March, 2022.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the report and recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**